**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN CARTER,

    Plaintiff,

v.

RED BANK BOROUGH, et al.,

    Defendants.

Civil Action No. 18-11537 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Red Bank Borough's ("Red Bank") Motion for Summary Judgment. (ECF No. 13.) Plaintiff Brian Carter ("Plaintiff") did not oppose. (*See* Pl.'s Correspondence, ECF No. 18.) The Court has carefully considered Red Bank's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiff's allegations stem from an April 2013 traffic stop conducted by Defendant Thomas Doremus ("Officer Doremus"), a Red Bank police officer. As a result of the stop, Officer Doremus issued several summonses. Following the resolution of municipal and state court proceedings on the summonses, Plaintiff filed the present Complaint against Red Bank and Officer Doremus alleging: (i) malicious prosecution in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (Count One); (ii) fabrication of evidence in violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Count Two); and (iii) malicious prosecution in violation of New Jersey state law (Count Three). Red Bank moves for summary judgment on all counts.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." The substantive law identifies what facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *See Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter," but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. Although the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Id.* at 250. The Court must grant summary judgment if the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists. *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted).

Plaintiff brings two § 1983 claims, alleging Red Bank violated the Fourth and Fourteenth Amendments. "Under 42 U.S.C. § 1983, municipal defendants cannot be held liable under a theory of respondeat superior; municipal liability only arises when a constitutional deprivation results from an official custom or policy." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978). A municipality cannot be liable under § 1983 "*solely* because it employs a tortfeasor." *Monell*, 436 U.S. at 691. Red Bank argues that Plaintiff has neither pleaded nor produced evidence of a municipal policy or custom

which deprived him of his constitutional rights. (Def.'s Moving Br. 4–5, ECF No. 13-1.) Red Bank contends that "[b]ased on the record developed during the course of discovery, the plaintiff has not provided any evidence associating the Borough with the alleged malicious prosecution []or [the alleged] fabrication of evidence, other than the fact that [Red Bank] happened to employ the alleged prosecutor [or] fabricator." (Def.'s Moving Br. 5.) Plaintiff did not oppose this assertion. (*See* Pl.'s Correspondence.) Because a municipality can only be liable under § 1983 based on a policy or custom and because Plaintiff has not produced any evidence of a municipal custom or policy that deprived him of his constitutional rights, the Court finds that Red Bank is entitled to summary judgment on Plaintiff's § 1983 claims. The Court, accordingly, grants Red Bank's Motion as to Counts One and Two.[1]

Plaintiff's final claim against Red Bank is a state-law malicious prosecution claim. Red Bank argues that this claim should be dismissed because Red Bank is statutorily immune under the New Jersey Tort Claims Act ("NJTCA"). (Def.'s Moving Br. 6.) Under the NJTCA, a public entity, such as a municipality, "is liable for . . . an act or omission of a public employee within the scope of his employment." N.J. Stat. Ann. §§ 59:1–3; 59:2–2. "A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 59:2–10.

---

[1] "[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367. "The decision to retain or decline jurisdiction over state-law claims is discretionary" and "should be based on considerations of judicial economy, convenience[,] and fairness to the litigants." *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citations omitted). Here, because Plaintiff's federal and state law claims relate to the allegedly unlawful vehicle stop, the Court finds it appropriate to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim as a matter of judicial economy.

3

To establish a claim of malicious prosecution under New Jersey law, Plaintiff must prove, *inter alia*, "that the defendant instituted proceedings . . . with legal malice . . . ." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1197 (3d Cir. 1993); *see also Langford v. Gloucester Twp. Police Dep't*, No. 16-1023, 2018 WL 4522042, at *6 (D.N.J. Sept. 21, 2018) (finding defendant township had immunity from plaintiff's common law malicious prosecution claim). Here, because the tort of malicious prosecution requires proof of malice, and because the NJTCA confers immunity upon a municipality for acts of its employees that constitute a crime of actual malice, Red Bank is immune from Plaintiff's state-law malicious prosecution claim. The Court, accordingly, grants Red Bank's Motion as to Count Three.[2]

**IT IS** on this 9th day of December 2019 **ORDERED** that

Red Bank's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Complaint is unclear on whether Plaintiff brings his malicious prosecution claim under the NJTCA or the New Jersey Civil Rights Act ("NJCRA"). Even if Plaintiff brings his claim under the NJCRA, the Court reaches the same decision to dismiss Plaintiff's malicious prosecution claim. Courts in this district have construed and interpreted the NJCRA analogously to § 1983. *See Coles v. Carlini*, 162 F. Supp. 3d 380, 404–05 (D.N.J. 2015) (collecting cases). Because Plaintiff's malicious prosecution claim under § 1983 fails, and because Plaintiff did not respond to Red Bank's Motion or set forth another basis for relief, the Court finds Plaintiff's malicious prosecution claim may not proceed under the NJCRA. *See, e.g., id.* at 402–05 (granting defendant municipality summary judgment on plaintiff's § 1983 and NJCRA claims where plaintiff failed to allege a municipal policy or custom resulted in constitutional harm).